J-S24036-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VINCENT H. REICH | : | |
| | : | |
| Appellant | : | No. 941 WDA 2020 |

Appeal from the PCRA Order Entered August 12, 2020
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0007920-2015

BEFORE:   DUBOW, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED:  August 16, 2021**

Appellant Vincent H. Reich appeals the order of the Court of Common Pleas of Allegheny County denying his petition pursuant to the Post-Conviction Relief Act (PCRA).[1]  Appellant raises two challenges to the effectiveness of his trial counsel and argues that he should be awarded a new trial as he alleges he was under the influence of illegal drugs during his initial trial.  We affirm.

In the underlying action, Appellant was charged in connection with the May 29, 2015 robbery of Citizens Bank in the Oakland section of Pittsburgh, Pennsylvania.  On February 4, 2016, Appellant proceeded to a bench trial, at which he was convicted of two counts of robbery.[2]

---

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.
[2] 18 Pa.C.S.A. §§ 3701(a)(1)(ii) (threaten or intentionally put individual in fear of immediate serious bodily injury), 3701(a)(1)(vi) (robbery of a financial institution).

On February 5, 2016, the Commonwealth notified Appellant of its intent to seek a ten-year mandatory minimum sentence for his robbery conviction at 18 Pa.C.S.A. § 3701(a)(1)(ii) pursuant to 42 Pa.C.S.A. § 9714, which provides enhanced sentencing for second and subsequent convictions for violent crimes. The Commonwealth noted that Appellant had a prior conviction for a violent crime as he pled guilty in 1997 to robbery (threatening or putting another in fear of serious bodily injury).

On April 15, 2016, while represented by counsel, Appellant filed a *pro se* pleading entitled "Motion to Reconsider Mandatory Sentencing," which was forwarded to counsel.

On May 4, 2016, the trial court sentenced Appellant to ten to twenty years' imprisonment to be followed by five years' probation. On May 9, 2016, Appellant filed a post-sentence motion, which the trial court subsequently denied. On August 21, 2017, this Court affirmed the judgment of sentence. Appellant did not file a petition for allowance of appeal.

On July 11, 2018, Appellant filed a PCRA petition, arguing, *inter alia*, that trial counsel was ineffective in failing to file a petition for allowance of appeal with the Supreme Court. On September 13, 2018, the lower court reinstated Appellant's right to file a petition for allowance of appeal *nunc pro tunc*. On October 16, 2018, Appellant filed a petition for allowance of appeal, which the Supreme Court denied on March 18, 2019.

On May 1, 2019, Appellant filed the instant PCRA petition, arguing that trial counsel was ineffective in failing to challenge the constitutionality of the

application of his mandatory minimum sentence and in failing to inform Appellant of the applicability of the mandatory minimum sentence.

On August 26, 2019, the PCRA court held an evidentiary hearing at which Appellant, Appellant's mother, and trial counsel testified. At this hearing, Appellant raised for the first time an oral claim that he was under the influence of illegal drugs during his bench trial. On June 4, 2020, the PCRA court held a second hearing on Appellant's additional claim.

On August 13, 2020, the PCRA court entered an order denying Appellant's petition. On September 10, 2020, Appellant filed a notice of appeal and complied with the PCRA court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises the following issues for our review on appeal:

1. Did the PCRA court err by concluding that trial counsel rendered effective assistance?

2. Is a defendant entitled to PCRA relief if he later asserts that he was under the influence of a controlled substance at the time of trial?

Appellant's Brief, at 7.

In reviewing the denial of a PCRA petition, our standard of review is well-established:

> [o]ur review of the grant or denial of PCRA relief is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. **Commonwealth v. Cox**, 636 Pa. 603, 146 A.3d 221, 226 n.9 (2016). The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal

- 3 -

conclusions. ***Commonwealth v. Burton****,* 638 Pa. 687, 158 A.3d 618, 627 n.13 (2017).

***Commonwealth v. Small***, 647 Pa. 423, 440–41, 189 A.3d 961, 971 (2018).

In his first claim, Appellant asserts that he is entitled to a new trial due to counsel's ineffectiveness.[3] Our review is guided by the following principles:

> [a]s originally established by the United States Supreme Court in ***Strickland v. Washington****,*466 U.S. 668, [104 S.Ct. 2052, 80 L.Ed.2d 674] (1984), and adopted by Pennsylvania appellate courts, counsel is presumed to have provided effective representation unless a PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome at trial if not for counsel's error.
>
> ***Commonwealth v. Wantz***, 84 A.3d 324, 331 (Pa.Super. 2014) (citations omitted). "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." ***Commonwealth v. Daniels***, 600 Pa. 1, 963 A.2d 409, 419 (2009).

***Commonwealth v. Selenski***, 228 A.3d 8, 15 (Pa.Super. 2020).

Appellant's ineffectiveness claim is two-fold as he claims that trial counsel was ineffective in failing to challenge the constitutionality of the mandatory minimum sentence imposed and in failing to adequately inform

---

[3] We note that the PCRA court asserts that this Court should find Appellant waived his ineffectiveness challenges for failing to identify the specific basis for his claims in his Rule 1925(b) statement. While we acknowledge that Appellant was required to set forth his claims with specificity, Appellant included a claim of ineffectiveness along with a citation to his brief supporting his PCRA petition, which set forth two claims of the ineffectiveness of counsel. As the PCRA court was able to discern the claims Appellant wished to raise on appeal in spite of Appellant's deficient 1925(b) statement, we decline to find waiver as we are also able to provide meaningful review on appeal.

him of the application of this mandatory minimum sentence before he proceeded to trial. As noted above, Appellant received a ten-year mandatory minimum sentence as his instant conviction for robbery under Section 3701(a)(1)(ii) of the Crimes Code constitutes a second conviction for a crime of violence. Section 9714 of the Judicial Code provides in relevant part:

> (a) Mandatory sentence.—
>
> (1) Any person who is convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. Upon a second conviction for a crime of violence, the court shall give the person oral and written notice of the penalties under this section for a third conviction for a crime of violence. Failure to provide such notice shall not render the offender ineligible to be sentenced under paragraph (2).

42 Pa.C.S.A. § 9714(a)(1).

We decline to find trial counsel ineffective in failing to challenge the constitutionality of the mandatory minimum sentence pursuant to Section 9714 as our courts have found similar challenges to be meritless.

> In **Alleyne** [**v. United States**, 570 U.S. 99, 133 S.Ct. 2151 (2013)], the Supreme Court of the United States established that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." **Alleyne**, 133 S.Ct. at 2155. However, the Supreme Court has recognized a narrow exception to this rule for prior convictions. **Id.** at 2160, n. 1 (citing **Almendarez–Torres v. United States**, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998)). In **Commonwealth v. Reid**, 117 A.3d 777, 785 (Pa.Super. 2015), this Court specifically found that Section 9714 is not rendered unconstitutional under **Alleyne** as it provides for mandatory minimum sentences based on prior convictions.

*Commonwealth v. Bragg*, 133 A.3d 328, 332–33 (Pa.Super. 2016), *affirmed*, 642 Pa. 13, 169 A.3d 1024 (2017).

As such, Appellant's underlying challenge to the constitutionality of the imposition of his mandatory minimum sentence has no merit. Counsel cannot be found ineffective in failing to raise a meritless claim. *Commonwealth v. Weimer*, 167 A.3d 78, 88–89 (Pa.Super. 2017) (quoting *Commonwealth v. Khalil*, 806 A.2d 415, 421–22 (Pa.Super. 2002) (finding "counsel will not be deemed ineffective for failing to pursue a meritless issue").

With respect to Appellant's claim that trial counsel was ineffective in failing to advise him as to the applicability of the mandatory minimum sentence before Appellant chose to go to trial, we find this claim is clearly dispelled by the evidence of record.

Our review of the trial transcripts shows that the trial court informed Appellant on the record before trial, that the mandatory minimum sentence was applicable and that if convicted, he faced a penalty that could not be less than fifteen years nor more than thirty years' incarceration and a fine of $50,000. Notes of Testimony (N.T.), Trial, 2/4/16, at 3-4. While trial counsel testified at the PCRA hearing that he did not remember a specific conversation he had with Appellant regarding the possibility of a mandatory minimum sentence, trial counsel indicated that he would have advised Appellant of the probability that he would receive a mandatory minimum as it was his practice to do so before each case. N.T., PCRA hearing, 8/26/19, at 8-9.

Moreover, when confronted with the trial transcript, Appellant admitted at the PCRA hearing that before the commencement of trial, he knew that if he was convicted of both the robbery charges, he was "looking at a sentence of 15 to 30 years." N.T., PCRA hearing, at 40. Appellant's *pro se* motion filed before his sentence was imposed made no mention of trial counsel's alleged failure to inform Appellant of the applicability of the mandatory minimum. Appellant cannot now deny his own testimony in order to seek collateral relief.

Appellant also claims he is entitled to a new trial based on his allegation that he was under the influence of illegal drugs during his trial on the underlying charges. However, Appellant has not shown that this claim is cognizable under the PCRA within the class of claims set forth in 42 Pa.C.S.A. § 9543(a)(2). In addition, Appellant waived this claim as he could have raised it on direct appeal and failed to do so. 42 Pa.C.S.A. § 9544(b). As such, Appellant has not shown he is entitled to collateral review of this claim.[4]

For the foregoing reasons, we affirm the PCRA court's order denying Appellant's petition.

Order affirmed.

---

[4] Nevertheless, we note that Appellant confirmed before trial on the record in response to a direct inquiry by the trial court that he had not ingested any drugs or alcohol within the previous 48-hour period. N.T., Trial, at 4. Trial counsel asserted at the PCRA hearing that there was no indication whatsoever that Appellant was under the influence of a controlled substance during his one-day trial and in fact, recalled that Appellant testified well. N.T., PCRA hearing, at 4-5.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/16/2021